IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREW NICHOLAS MAY,

    Petitioner,

v.

                                                                                                                                 No. 22-cv-0563-RB-KK

GEORGE STEPHENSON, Warden; and
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

       This matter is before the Court on Petitioner Andrew Nicholas May's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a person in State Custody. (Doc. 1.) Also before the court is his Motion to Compel Respondent. (Doc. 4.) May challenges his state convictions for armed robbery and larceny. He contends that the state court's allegedly erroneous evidentiary rulings deprived him of his right to a fair trial. Having reviewed the matter *sua sponte*, the Court will require May to show cause why the Petition should not be dismissed for failure to exhaust state remedies.

**I.    BACKGROUND**[1]

       In October 2019, a jury found May guilty of armed robbery, assault with intent to commit armed robbery, and larceny. *See* Judgment in D-1226-CR-2017-00052. By a judgment entered January 27, 2020, the state trial court sentenced May to twelve and a half years of imprisonment,

---

[1] The background facts are taken from the Petition and May's state criminal dockets: *New Mexico. v. May*, Case No. D-1226-CR-2017-00052; *New Mexico v. May*, No. A-1-CA-38744; *New Mexico v. May*, S-1-SC-39296. The state dockets are subject to judicial notice. *See Mitchell v. Dowling,* 672 F. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

with three years suspended, for an actual term of incarceration of nine and half years minus 413 days for presentence confinement. *Id.* at 3. May appealed. In an Opinion issued on March 2, 2022, the New Mexico Court of Appeals held that May's conviction for assault with intent to commit armed robbery violated double jeopardy and that the trial court erred in calculating his presentence confinement credit and remanded the case to the trial court for resentencing. *See* Memorandum Opinion in Case No. A-1-CA-38744. May then filed a Petition for a Writ of Certiorari in the New Mexico Supreme Court, which was denied on May 13, 2022. *See* Petition for a Writ of Certiorari & Order Case No. S-1-SC-39296.

After the New Mexico Supreme Court denied certiorari, but before the trial court resentenced him, May filed the instant Petition on July 28, 2022.

On September 21, 2022, the trial court resentenced May to nine and a half years imprisonment, with three years suspended, for an actual term of imprisonment of six and half years, minus 777 days for presentence confinement. *See* Amended Judgment in D-1226-CR-2017-00052. May filed a state habeas petition, and on June 12, 2023, the trial court entered an order granting habeas relief which increased the number of days of presentence confinement credit May should receive from 777 to 1,114. *See* Stipulated Final Order on Petition for Writ of Habeas Corpus in D-1226-CR-2017-00052. On June 12, 2023, the trial court entered a second amended judgment and sentence showing May's entitlement to 1,114 days of presentence confinement. *See* Second Amended Judgment and Sentence D-1226-CR-2017-00052. Three days later, May filed another state habeas petition. *See* Petition for Writ of Habeas Corpus in D-1226-CR-2017-00052 (June 15, 2023). That petition is now pending before the state court. Because May filed it within 30 days after the trial court entered its second amended judgment, the statute of limitations set forth in 28

U.S.C. § 2244(d)(1), governing the time within which a petitioner may seek federal habeas relief, has not started running.

## II. ANALYSIS

### A. Initial Review of the Petition.

May's § 2254 Petition is subject to initial review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Pursuant to Rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." "If the petition is not dismissed, the judge must order the respondent to file an answer . . . ." *Id.* As part of the initial review process, the Court may examine whether the petitioner exhausted state remedies. *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("[A]ffirmative defenses unique to the habeas context such as exhaustion of state remedies . . . may be raised by a court sua sponte . . . . [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside."). The initial review can also include an analysis of jurisdiction, as "courts have an independent obligation to address their own subject-matter jurisdiction." *City of Albuquerque v. Soto Enter., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017).

#### 1. Exhaustion

"A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under . . . § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "[S]tate claims remain unexhausted if state

U.S.C. § 2244(d)(1), governing the time within which a petitioner may seek federal habeas relief, has not started running.

## II.  ANALYSIS

### A.  Initial Review of the Petition.

May's § 2254 Petition is subject to initial review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Pursuant to Rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." "If the petition is not dismissed, the judge must order the respondent to file an answer . . . ." *Id.* As part of the initial review process, the Court may examine whether the petitioner exhausted state remedies. *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("[A]ffirmative defenses unique to the habeas context such as exhaustion of state remedies . . . may be raised by a court sua sponte . . . . [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside."). The initial review can also include an analysis of jurisdiction, as "courts have an independent obligation to address their own subject-matter jurisdiction." *City of Albuquerque v. Soto Enter., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017).

#### 1.  Exhaustion

"A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under . . . § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "[S]tate claims remain unexhausted if state

proceedings [are] pending at the time the petition is filed." *Sims v. Snedeker*, 167 F. App'x 47, 48 (10th Cir. 2006) (citing *Robertson v. Utah*, 119 F. App'x 212 (10th Cir. 2004)). In other words, if the Petitioner "has the right under the law of the State to raise, by any available procedure, the question presented[,] he has not exhausted his claims. *Carbajal v. Lynn*, 640 F. App'x 811, 813 (10th Cir. 2016). The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)

    Because the validity of the second amended judgment has not previously been challenged in the state courts and because redress is available to him in the state courts, May has not satisfied the exhaustion requirement. Nor, in this case—where May has partially prevailed in an appeal and in a state habeas proceeding—could he reasonably argue that the state court's processes are deficient or futile. Furthermore, May acknowledges in the Petition that two of his four claims are unexhausted. The unexhausted claims are among those May raised in the pending state habeas petition. For these reasons, and in the interest of comity, the Petition should be dismissed without prejudice to allow the state courts to dispose of the pending habeas petition before this Court intervenes. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) ("Comity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."); *Harris v. Champion*, 938 F.2d 1062, 1066 (10th Cir. 1991), as modified on reh'g (July 19, 1991); (Comity mandates "forbearance of the federal courts . . . based upon the assumption that the state remedies available to petitioners are adequate and effective to vindicate federal constitutional rights."). The Court will permit May to file a response within 30 days of entry of

this Order showing cause, if any, why the Petition should not be dismissed on exhaustion grounds.

## 2. Subject-Matter Jurisdiction

Even if May had satisfied the exhaustion requirement, since the state court action could moot the federal case, the concurrent proceedings trigger a jurisdictional analysis under *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* doctrine requires federal courts to abstain from exercising jurisdiction when: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests." *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006). The doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). "*Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances." *Amantullah v. Colo. Bd. of Med. Exam'r*, 187 F.3d 1160, 1163 (10th Cir. 1999).

All three *Younger* conditions appear to be met in this case. There is an ongoing state habeas proceeding pertaining to the same subject matter as the federal Petition. As to the second condition, the Tenth Circuit counsels that "unless state law clearly bars the interposition of the federal statutory and constitutional claims," a litigant typically has "an adequate opportunity to raise federal claims in state court." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003). May's federal constitutional claims are not barred under state law, and he raised them in his pending state habeas petition.

The last *Younger* condition focuses on whether the state proceeding involves important state interests. "The states' interest in administering their criminal justice systems free from federal

interference is one of the most powerful of the considerations that should influence a court." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *see also Fisher v. Whetsel*, 142 F. App'x 337, 339 (10th Cir. July 20, 2005) (noting that a state's "important interest in enforcing its criminal laws through proceedings in its state courts remains axiomatic"). The Court finds the state has an important interest in the validity of its criminal judgments and the third *Younger* condition is met.

Having determined *Younger* applies, the Court must abstain "so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). The Court will permit May to file a response within 30 days of entry of this Order showing cause, if any, why abstention is not warranted. If May concedes the point or otherwise fails to timely respond, the Court will dismiss this case. Any dismissal will be without prejudice to refiling a § 2254 petition if the state habeas action is unsuccessful.

**B.    The Motion to Compel Shall be Denied.**

In his Motion to Compel Respondent, May seeks an order requiring Respondents to file an answer to the Petition. (Doc. 4.) The Motion is premature and shall be denied. As discussed previously, May's Petition is subject to screening under Habeas Corpus Rule 4. If it survives screening, the Court will, as a matter of course, enter an order requiring the Attorney General to answer the Petition. Until then, respondents are not required to answer or otherwise respond to the Petition.

**III.    CONCLUSION**

For the reasons above, **IT IS ORDERED** that within **30 days**, May shall show cause in writing why the Petition (Doc. 1) should not be dismissed without prejudice for failure to exhaust

state remedies and pursuant to the *Younger* doctrine. Failure to timely respond will result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that May's Motion to Compel Respondents **(Doc. 4)** is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE