IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANDREW NICHOLAS MAY,

    Petitioner,

v.

                                          No. 22-cv-563-RB-KK

GEORGE STEPHENSON, Warden; and
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Andrew Nicholas May's Response to Order to Show Cause, filed August 8, 2023. (Doc. 6.) Based on the OSC Response, it appears that May wishes to proceed exclusively on the exhausted claims set forth in his habeas Petition. If so, May shall have 30 days within which to file a notice confirming that he wishes to dismiss the unexhausted claims in his habeas petition, so that the Court may order the Attorney General to answer the exhausted claims.

**I.    Background**

In a Memorandum Opinion and Order entered July 11, 2023, the Court required May to show cause in writing why his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a person in State Custody (Doc. 1) should not be dismissed without prejudice for failure to exhaust state remedies and pursuant to the *Younger* doctrine.[1] (*See* Doc. 5.) This was based on May's acknowledgement in the Petition that he had not exhausted state remedies as to two of the four

---

1 The *Younger* doctrine requires federal courts to abstain from exercising jurisdiction when: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests." *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006).

asserted grounds for habeas relief, and from the state court docket, which showed a pending state habeas petition. *See Mitchell v. Dowling,* 672 F. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed"). May's unexhausted claims comprised part of the relief requested in the then-pending state habeas petition. *See* Petition for Writ of Habeas Corpus, filed 6/15/2023 in D-1226-CR-2017-00052.[2]

In the OSC Response, May indicates that he wishes to pursue habeas relief only on grounds 1 and 2 of the Petition (i.e., the exhausted claims), and that he raised grounds 3 and 4 (i.e., the unexhausted claims) only as "supporting evidence." (Doc. 6 at 3.)

**II.    Discussion**

"Congress has emphatically directed us that habeas petitioners seeking relief in federal court must first exhaust all available state court remedies—that is, unless doing so would be futile because of an absence of available State corrective process or because circumstances exist that render such process ineffective to protect the rights of the applicant." *Fairchild v. Workman,* 579 F.3d 1134, 1155 (10th Cir. 2009) (quotation marks and citations omitted). Accordingly, "federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Id.* (quoting *Rhines v. Weber,* 544 U.S. 269, 273 (2005)). When a district court is presented with a petition containing both exhausted and unexhausted claims, it may therefore:

> (1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted

---

[2] The state court denied that petition on August 21, 2023, and the deadline for May to file a Petition for a Writ of Certiorari from the New Mexico Supreme Court has not yet expired. *See* Procedural Order on Petition for Writ of Habeas Corpus, filed Aug. 21, 2023 in D-1226-CR-2017-00052.

> claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit[.] 28 U.S.C. § 2254(b)(2).

*Fairchild*, 579 F.3d at 1156 (quotation marks and citation omitted); *Rhines*, 544 U.S. 274–78; 28 U.S.C. § 2254(b)(2).

It appears that May wishes to proceed under the third option—that is, to dismiss the unexhausted claims (grounds 3 and 4 of the Petition) and proceed with the exhausted claims (grounds 1 and 2 of the Petition). If May wishes to proceed with the exhausted claims, he must file a notice confirming the dismissal of the unexhausted claims, and the Court will order the Attorney General to answer the exhausted claims. Dismissal of the unexhausted claims will render the *Younger* doctrine issue identified in the Show Cause MOO moot.

### III. Conclusion

For the reasons above, **IT IS ORDERED** that if May wishes to pursue the exhausted claims (grounds 1 and 2 of the Petition), he shall have **30 days** from the entry of this Memorandum Opinion and Order to file a written notice confirming the dismissal of the unexhausted claims (grounds 3 and 4 of the Petition). Failure to file a timely notice may result in dismissal of the Petition in its entirety.

ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

3